# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**LOS ALAMOS STUDY GROUP,**

    Plaintiff,

    v.                                            **CIVIL NO. 99-201 DJS/LFG**

**DEPT. OF ENERGY,**

    Defendant.

## MEMORANDUM OPINION AND ORDER

    **THIS MATTER** comes before the Court upon Plaintiff's Motion for Summary Judgment filed August 24, 1999 (Docket No. 20) and Defendant's Cross-Motion for a stay filed August 23, 1999 (Docket No.14). Pursuant to 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, this case has been assigned to a Magistrate Judge for final disposition.

    Summary judgment is an integral part of the Federal Rules of Civil Procedure, which are intended to "'secure the just, speedy and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (quoting Fed.R.Civ.P. 1). A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits, "show that there is no genuine issue as to any material fact..." Id. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for

trial.'" Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal citations and quotations omitted). The material submitted by the parties in support of and in opposition to the motion must be construed liberally in favor of the party opposing the motion. Harsha v. United States, 590 F.2d 884, 887 (10th Cir. 1979).

Plaintiffs brought this action pursuant to the Freedom of Information Act (FOIA) 5 U.S.C. §552 seeking to compel Defendant to produce certain information relevant to its activities at the Los Alamos National Laboratory (LANL) in New Mexico. Between June 4, 1997 and January 4, 1999, Plaintiff submitted a number of requests to Defendant pursuant to FOIA. Plaintiff sought documents regarding: (1) plutonium hydrotesting projects that are being planned or conducted at LANL (request No. 97-108-C); (2) DOE's Capability Maintenance and Improvement Program, including documents related to safety and risk analyses of the LANL facility (request No. 97-109-J); (3) a number of DOE weapons programs (request No. 98-126-J); (4) certain specifically identified "startup activities" at LANL (request No. 98-236-A); (5) nine specifically identified documents concerning DOE activities at LANL (request No. 99-002-A); and (6) an unclassified versoin of a DOE document concerning design hazards for a radiography project at a plutonium facility at LANL (request No. 99-013-C). The documents were not provided within the time provided by FOIA (20 days). Further, Plaintiff asserts that responses to three of the requests have not yet been provided to Plaintiff.

Plaintiff requests that this Court order Defendant to provide complete and final responses to all of its pending FOIA requests. Plaintiff also seeks an order directing Defendant to comply with FOIA and its own regulations and directing that a report be periodically sent to the Court and to Plaintiff showing that DOE is in compliance with the statute and the regulations. In turn, Defendant seeks a stay of the instant suit in order to provide it with time to allow it to process and respond to

Plaintiff's FOIA requests. Defendant argues that the review of material which it is required to make under the Atomic Energy Act and the volume of FOIA requests which it receives constitute exceptional circumstances justifying a stay of this proceeding in accordance with 5 U.S.C. §552(c)(1) and Open America v. Watergate Special Prosecution Force, 547 F.2d 605, 616 (D.C. Cir. 1976). Defendant argues that its statutory duty to protect classified or sensitive nuclear information is necessarily time consuming and should relieve its duty to comply with the FOIA time limits.

Plaintiff contends that Defendant has not established that exceptional circumstances exist which justify the delay sought by Defendant. Plaintiff argues that the review of materials required by the Atomic Energy Act is a foreseeable delay because that Act predates the existence of FOIA. Plaintiff contends that the delay engendered by the reviews of material to be produced which are mandated by the Atomic Energy Act are part of the normal agency workload. Because the reviews for sensitive and classified nuclear material are normal and foreseeable, it is Plaintiff's position that they do not comprise exceptional circumstances within the meaning of the statute.

**EXCEPTIONAL CIRCUMSTANCES**

Open America is the first appellate decision to interpret the "exceptional circumstances" exception to the FOIA time limits. Ray v. United States Dept. of Justice, 770 F.Supp. 1544, 1547 (S.D. Fla. 1990). The Court stated that exceptional circumstances exist when an agency is deluged with a volume of requests for information vastly in excess of that anticipated by Congress, when the existing resources are inadequate to deal with the volume of such requests within the time limits imposed by FOIA, and when the agency can show that it is exercising due diligence in processing the requests. Open America, 547 F.2d at 616. The Court went on to hold that under those circumstances, the time limits contained in FOIA became directory, rather than mandatory. Id.

As a preliminary matter, Open America is factually distinguishable from the instant case. In Open America, the FBI faced an increase from 447 to 12, 875 FOIA requests in one year. Open America, 547 F.2d at 617 n. 3. Defendant does not allege a similar increase in the instant case. Further, a number of district courts have found that an agency is required to show more than a great number of requests in order to establish exceptional circumstances under the statute. Ray, 770 F.Supp. at 144 (citing Caifano v. Wampler, 588 F.Supp. 1392 (N.D. Ill. 1984); Hamlin v. Kelley, 433 F.Supp. 180 (N.D. Ill. 1977); Hayden v. U.S. Dept. of Justice, 413 F.Supp. 1285 (D.D.C. 1976)); see also Maycock v. INS, 714 F.Supp. 1558, 1559-60 (N.D. Cal. 1989)(steadily increasing number of FOIA requests not an "exceptional circumstance), rev'd on other grounds, Maycock v. Nelson, 938 F.2d 1006 (9th Cir. 1990). Defendant has not alleged facts sufficient to demonstrate that exceptional circumstances exist due to an increase in FOIA requests, even if such an increase is sufficient to meet the requirements of §552(a)(6)(C)(i).

Defendant's argument that its process of review for sensitive materials constitutes exceptional circumstances appears to be one of first impression. Defendant's description of the importance of its review for sensitive materials or of the importance of the Atomic Energy Act are not disputed. However, Plaintiff's argument that compliance with the Act does not constitute an exceptional circumstance is persuasive. 5 U.S.C. §552(a)(6)(C)(ii) states that "the term 'exceptional circumstances' does not include a delay that results from a predictable agency workload of requests under this section, unless the agency demonstrates reasonable progress in reducing its backlog of pending requests". As Defendant notes, the Atomic Energy Act is part of its organic legislation. In view of that fact and the fact that the review of nuclear information to be released predates the creation of the Freedom of Information Act, this Court finds that Defendant's review of materials

4

pursuant to the Atomic Energy Act is part of the predictable agency workload of requests and does not constitute an exceptional circumstance. Defendant's argument that the Atomic Energy Act of 1954 evidences a strong Congressional intent that it craft and observe a deliberate process for releasing information about the nuclear weapons program is unavailing, as Congress could have exempted Defendant from the twenty-day FOIA time limit when passing the latter legislation if it determined that the nuclear review process required extra time. Consequently, this Court must determine whether Defendant has demonstrated reasonable progress in reducing its backlog of pending requests.

**REASONABLE PROGRESS IN REDUCING BACKLOG**

As noted, *supra*, a delay resulting from a predictable agency workload may constitute an "exceptional circumstance. 5 U.S.C. §552(a)(6)(C)(ii). Defendant argues that it has shown due diligence in meeting the requirements of the Atomic Energy Act and FOIA, stating that because Plaintiff's requests involve records for activities both within the Department of Energy and the contractor at LANL it requires more time to coordinate its records collections activities at both facilities. However, Defendant does not directly address its efforts to reduce its backlog of requests. Plaintiff points out that Defendant has shown that fewer staff members are working in the FOIA office at Albuquerque which handles Plaintiff's requests. Defendant's Memorandum in Support of Cross Motion for Stay and in Response to Motion for Summary Judgment, Exhibit F, p. 1-2.[1] Defendant states that its Albuquerque office receives three hundred or more FOIA requests annually,

---

[1] The Court directs Defendant's attention to D.N.M.LR-Civ. 10.1 which states that papers filed with this Court shall be printed on one side and both parties' attention to D.N.M.LR-Civ. 10.6 which directs that the portions of an exhibit which a party wishes to bring to the Court's attention shall be highlighted.

but does not describe a backlog or procedures designed to reduce any such backlog. Id. Under the terms of the statute, it is Defendant's burden to demonstrate reasonable progress in reducing a backlog of pending requests. Defendant has not met its burden and therefor does not qualify for a stay of these proceedings.

Plaintiff's request 97-109-J was submitted on June 4, 1997 and no responsive documents have been provided at the time briefing was completed on the instant motion. Further, Defendant has not provided Plaintiff with information regarding the status of the request since October 16, 1997. Plaintiff's request 98-126-J was received by Defendant on July 1, 1998. No information regarding the status of the request has been provided since that date and no documents responsive to the request have been provided. Plaintiff's request 99-002-A was received by Defendant no later than January 7, 1999. Defendant has not provided any information regarding the status of the request since that date and has not provided any documents responsive to the request. Consequently, Defendant has failed to comply with 5 U.S.C. §a(6)(A)(1). The undisputed material facts show that Plaintiff is entitled to summary judgment directing Defendant to comply with the Freedom of Information Act and respond to its requests.

**DECLARATORY JUDGMENT**

Jurisdiction under FOIA is limited to enjoining federal agencies from withholding agency records and ordering the production of agency records improperly withheld. 5 U.S.C. §552(a)(4)(B). FOIA only requires that agencies to disclose records which they possess or control. Kissinger v. Reporters Committee for Freedom of the Press, 445 U.S. 136, 151-2 (1980). Plaintiff has not met its burden and shown that it is entitled to summary judgment regarding its second cause of action, by which it seeks a declaration that Defendant have a mandatory obligation to respond to all future FOIA

requests within the time prescribed by statute due to a pattern and practice of deliberate disregard of FOIA time limits. Further, Plaintiff has not alleged sufficient facts for this Court to conclude that an investigation by Special Counsel to determine whether disciplinary action is warranted against any federal employees pursuant to 5 U.S.C. §552(a)(4)(F). Plaintiff has not demonstrated arbitrary and capricious behavior on the part of Defendant's employees.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for summary judgment is granted in part. Within twenty days of the entry of this Order, Defendant shall provide complete and final responses to Plaintiff's FOIA requests No. 97-109-J, 98-126-J, and 99-002-A. Further, Defendant's Cross Motion for Stay is denied.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**