# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**LOS ALAMOS STUDY GROUP,**

    Plaintiff,

    v.                        **CIVIL NO. 99-201 DJS/LFG**

**DEPT. OF ENERGY,**

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Defendant's Motion to Dismiss Count II of the Complaint filed October 8, 1999 (Docket No. 28). Briefing of the motion was completed on February 7, 2000. Pursuant to 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, this case has been assigned to a Magistrate Judge for final disposition.

By the instant motion, Defendant seeks an order dismissing Count II of Plaintiff's Complaint. This action is brought pursuant to the Freedom of Information Act (FOIA) 5 U.S.C. §552. By Count I of the Complaint, Plaintiff seeks to compel Defendant to produce certain information relevant to its activities at the Los Alamos National Laboratory (LANL) in New Mexico. Between June 4, 1997 and January 4, 1999, Plaintiff submitted a number of requests to Defendant pursuant to FOIA. The documents were not provided within the time provided by FOIA (20 days). On October 26, 1999, this Court granted partial summary judgment in Plaintiff's favor on Count I and ordered Defendant

1

to provide complete and final responses to Plaintiff's FOIA requests within 20 days. Memorandum Opinion and Order, Docket No. 30. By Count II of the Complaint, Plaintiff seeks an order directing Defendant to comply with FOIA and its own regulations and directing that a report be periodically sent to the Court and to Plaintiff showing that DOE is in compliance with the statute and the regulations. Plaintiff contends that Defendant should be required to respond to all future FOIA requests within the time prescribed by statute due to a pattern and practice of deliberate disregard of FOIA time limits. The Court denied Plaintiff's motion for summary judgment on this cause of action, holding that Plaintiff had not demonstrated arbitrary and capricious behavior on the part of Defendant's employees and that it did not allege sufficient facts in support of its motion for the Court to conclude that an investigation by Special Counsel is warranted.

By the instant motion, Defendant argues that the second count of Plaintiff's complaint does not state a cause of action under FOIA because the only form of relief authorized by the statute is an order requiring the production of improperly held records. Defendant further argues that cases recognizing "policy or practice" claims do not support Plaintiff's position in this case because they involved the improper withholding of records. Long v. United States Internal Revenue Service, 693 F.2d 907 (9th Cir. 1982); Payne v. United States, 837 F.2d 486 (D.C. Cir. 1988). Plaintiff responds that prospective injunctive relief pursuant to FOIA is available under the case law developed with regard to that statute, citing Long and Payne as well as Maylock v. Nelson, 938 F.2d 1006 (9th Cir. 1991) and Ray v. United States Dept. of Justice, 770 F.Supp. 1544 (S.D.Fla. 1990).

This Court agrees with the holding in Long and Payne that the courts have the equitable power to enforce FOIA's terms. Long, 693 F.2d at 910; Payne, 837 F.2d at 71. For that reason, Defendant's argument that Plaintiff's second cause of action must fail because it seeks relief not

available pursuant to the statute is unsuccessful. As pleaded by Plaintiff, the facts alleged in this case could possibly, if proven, lead to the conclusion that Defendant has improperly caused prolonged delays and repeated litigation over the disclosure of documents subject to release pursuant to the Freedom of Information Act.

In its Reply, Defendant asserts that the Court must consider the instant motion as one for summary judgment because of its review and order regarding Plaintiff's aforementioned Motion for Summary Judgment. Defendant further contends that Plaintiff has not met its burden to demonstrate that the relief it seeks is appropriate on the facts of the case. Defendant's argument is based upon the incorrect standard of law. The Court denied Plaintiff's motion for summary judgment on Count II of the complaint, as discussed, *supra*. The fact that the Court denied Plaintiff victory on that count in the context of a motion for summary judgment does not then require dismissal of the claim. The Court's Memorandum Opinion and Order held nothing more than that Plaintiff had not made a sufficient showing to obtain the relief it sought at that time. No affidavits or evidence have been submitted in support of the instant motion which convert it to a motion for summary judgment pursuant to Fed.R.Civ.P. 56. Therefore, it is properly considered as a motion to dismiss. As such, the Court must liberally construe the pleadings, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the Plaintiff's favor. Swanson v. Bixler, 750 F. 2d 810, 813 (10th Cir. 1984). Plaintiff's claim may only be dismissed if it appears to a certainty that the Plaintiff can prove no set of facts in support of its claim which would entitle it to relief. Conley v. Gibson, 355 U. S. 41, 45-46 (1957). Defendant has not shown this to be the case.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Count II of the Complaint is denied.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**